## Richmond.

BROWN AND OTHERS v. BRADSHAW.

January 23, 1902.

1. DEMURRER TO EVIDENCE—*Ejectment—Delinquent Lands—Payment of Tax.*—On a demurrer to the evidence by the defendant in an action of ejectment, where the defendant, for title, relies solely on a tax deed, if the evidence is such that the jury might infer that the tax for which the land was sold had been paid, judgment should be given against him.

Error to a judgment of the Circuit Court of Dickenson county, rendered August 23, 1900, in an action of ejectment wherein the plaintiffs in error were the plaintiffs, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*E. M. Fulton,* for the plaintiffs in error.

*R. E. Chase,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

Jacob S. Brown and others filed their declaration in ejectment in the Circuit Court of Dickenson county on the first Monday in November, 1898, to recover of C. A. Bradshaw a certain tract of land, alleged to be owned by them in fee simple, lying on Buck Branch, in said county, containing three hundred acres, describing the same by metes and bounds. At the close

of the trial, the defendant demurred to the evidence, whereupon a conditional verdict was rendered, and the question of law submitted to the court. The court sustained the demurrer to the evidence, and gave judgment in favor of the defendant.

A number of bills of exception to the rulings of the court were taken by the plaintiffs, but, in the view we take of the case, it will only be necessary to consider the propriety of the action of the court in sustaining the demurrer to the evidence, and giving judgment for the defendant.

One Andrew Ferguson is a common source of title through which both plaintiffs and defendant claim. Ferguson parted with the land by deed to F. A. Stratton, trustee, in June, 1888, and from Stratton it has come down by a regular chain of conveyance to the plaintiffs. The defendant, Bradshaw, claims through and by virtue of an alleged tax sale of the land, and a conveyance thereof to one John D. Thomas, by the clerk of the County Court of Dickenson, dated July 16, 1897, and a conveyance by said Thomas to the defendant dated August 12, 1898. It appears from the recitals of this tax deed from the clerk of the County Court in Dickenson county to Thomas that the land in controversy was assessed with taxes for the year 1887 in the name of Andrew Ferguson, the then owner; that it was returned delinquent and sold for the taxes of that year, and purchased by the Auditor of Public Accounts; that on the 28th day of April, 1897, John D. Thomas filed with the clerk his application to purchase, and that all the requirements of the law culminating in the deed from the clerk to Thomas were complied with.

Section 661 of the Code, as amended and re-enacted by Act of March, 1900 (Acts 1899-1900, p. 1234), provides that when the purchaser of any real estate so sold for taxes has obtained a deed therefor, and had the same duly recorded, the right or title to such estate shall stand vested in the grantee, "subject to be defeated only by proof that the taxes or levies for which

said real estate was sold were not properly chargeable thereon, or that the taxes and levies properly chargeable on such real estate have been paid." As already seen, from the face of the deed under which the defendant claims, the land in controversy was sold for the taxes of the year 1887 alone. If, therefore, the evidence admitted on behalf of the plaintiffs was sufficient to warrant the jury in reaching the conclusion that the taxes for 1887 had been paid, then the judgment of the court on the demurrer to the evidence should have been in favor of the plaintiffs, notwithstanding the tax deed from the clerk to Thomas, under which the defendant claims. The rule applicable in considering a demurrer to evidence has been repeatedly laid down by this court, the most recent statement and application of it being in the cases of *Bass' Admr.* v. *Norfolk Railway & Light Co.,* *ante* p. 1; and *Watts* v. *Southern Bell Telephone Co., ante* p. 45. In support of the contention that the taxes for 1887 had been paid, the plaintiffs show by a certified copy of the delinquent list for the year 1887 from the office of the Auditor of Public Accounts, that the land in controversy was not returned delinquent for that year. This certified list shows that the name of Andrew Ferguson had been entered thereon, but without any land being mentioned delinquent. A line is drawn through the entire entry in red ink, with the following endorsement thereon in like ink: "No lot listed in this name." The evidence tends to show that the County Treasurer, in his settlement with the Auditor, was charged with the taxes of 1887 on the Ferguson land, as paid. It is further shown by the plaintiffs that opposite the name of Andrew Ferguson on the original delinquent list, for 1887, in the clerk's office for Dickenson county, the word "pad" or "paid" appears. It is further shown that the taxes assessed against the land in question since the year 1887 have been paid by Andrew Ferguson, or his alienees.

There are other circumstances from which the satisfaction of the tax in question might have been inferred, but those already

mentioned are sufficient to show that the evidence for the plaintiffs tended to establish the fact that the tax had been paid. On the other hand, there was evidence on behalf of the defendant tending to show that the tax in question had not been paid.

Under these circumstances, the jury might have found for the plaintiffs on the question as to whether or not the taxes for 1887 had been paid. This being so, on the defendant's demurrer to the evidence, the court must so find.

For these reasons the judgment complained of must be reversed, and this court will enter such judgment as the Circuit Court ought to have entered.

*Reversed.*